UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

SEAN FREEMAN,                         :

          Plaintiff,                 :

        -against-                        :

WARDEN SHAW, ET AL.,                  :

          Defendants.               :

-----------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _08/21/08_

REPORT AND RECOMMENDATION
07 Civ. 8459 (SHS)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE SIDNEY H. STEIN, UNITED STATES DISTRICT JUDGE

On October 1, 2007, the plaintiff Sean Freeman ("Freeman"), commenced this action pro se, pursuant to 42 U.S.C. § 1983. Freeman failed to serve a copy of the summons and complaint upon the defendants within 120 days of that date. In an order dated May 22, 2008 ("May 22nd Order"), the Court directed Freeman to effect service of the summons and complaint upon the defendants and file proof of that service, on or before June 28, 2008. The May 22nd Order advised the following:

> The plaintiff is directed to serve the summons and amended complaint on the defendants, and to file proof of that service with the Clerk of Court on or before June 28, 2008. If the defendants are not served with the summons and complaint on or before that date, and if the plaintiff fails to show cause, in writing, why service has not been effected, a report and recommendation will be made to the assigned United States district judge that the complaint be dismissed for failure to prosecute, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

The docket sheet maintained by the Clerk of Court for this action does not indicate that Freeman has filed any proof of service.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a

1

plaintiff's action for failure to prosecute the action or for a failure to comply with an order of the court. See Sanders v. Does, No. 05 Civ. 7005, 2008 WL 2117261 at *2 (S.D.N.Y., May 15, 2008) (citing LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 [2d Cir. 2001]). Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

After initiating the instant action approximately ten months ago, Freeman neither effected service within the original 120-day period provided by Rule 4(m), nor within the additional period provided by the May 22nd Order. Moreover, after receiving notice that a continued failure to prosecute the action would result in a report and recommendation to your Honor that the complaint be dismissed, he has not submitted anything to the Court in an attempt to show good cause for his failure to comply with the above-noted order.

## RECOMMENDATION

For the reasons set forth above, I recommend that the instant action be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an

2

500 Pearl Street, Room 1010, New York, New York 10007, and to the chambers of the

undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an

extension of time for filing objections must be directed to Judge Stein. FAILURE TO FILE

OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS

AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470

(1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v.

Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d

Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).


Dated: New York, New York                    Respectfully submitted,
      August 21, 2008

                                          Kevin Nathaniel Fox
Copy mailed to:                              KEVIN NATHANIEL FOX
Sean Freeman                                 UNITED STATES MAGISTRATE JUDGE